Dear Chief Boss:
We are in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
You state in your letter that, as Chief of Police of the Town of Sunset, you desire to hire qualified employees who may not be natives of Sunset. However, you also state the Board of Aldermen have passed a resolution, noted in the minutes of the meeting, to employ in the police department those individuals who are originally from Sunset.
The Town of Sunset is a Lawrason Act municipality and is governed by the provisions of LSA-R.S. 33:321, et. seq. LSA-R.S. 33:432(A) provides, in pertinent part:
 "In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, or creed." (Emphasis added).
As per the provisions of the statute, an elected chief of police of a Lawrason Act municipality is authorized to recommend the appointment of personnel, but the actual appointment power is vested in the mayor and board of aldermen. As chief executive officer, the mayor issues the commission cards to police officers. See Attorney General Opinion Number 90-316, a copy of which is attached. Although you have the statutory authority to make recommendations regarding police personnel, it is the Mayor and Board of Aldermen of the Town of Sunset who have the actual authority to hire and fire police personnel.
You state "I am forced to hire people within the Town limits". This policy promulgated by the board of aldermen raises possible constitutional concerns. Careful consideration must be given to the reason behind this hiring preference, as it has a discriminatory impact against both nonresidents of the Town of Sunset who reside in Louisiana, and nonresidents of the State.
Discrimination against a nonresident of the State could invoke the provisions of the Privileges and Immunities Clause, U.S.C.A. Const. Art. IV, Section 2, Clause 1, which states:
 "The citizens of each state shall be entitled to all Privileges and Immunities of Citizens in the several States."
The test for determining if a statute violates the Privileges and Immunities Clause is whether the ordinance (or policy) discriminates against out-of-state residents on matters of fundamental concern so as to endanger interstate harmony and whether there exists a substantial reason for the difference in treatment between residents and nonresidents. See United Building and Construction Trades Council of Camden County and Vicinity v. Mayor and Council of City of Camden, 104 S.Ct. 1020
(1984), a copy of which is attached.
A hiring preference which discriminates among state residents may violate the Equal Protection Clause of the Louisiana Constitution. LSA-Const. Art. 1, Section 3 states, in part:
"No person shall be denied the equal protection of the laws."
Although we find no Louisiana authority specifically addressing a hiring preference which discriminates against other Louisiana residents, we find caselaw of other jurisdictions to be helpful. In the case of State v. Enserch Alaska Const., Inc. 787 P.2d 624
(Alaska 1989), a copy of which is attached, the court held a regional preference law to be violative of Alaska's equal protection clause. The Court stated:
 "In Lynden Transport, Inc. v. State, 532 P.2d 700, 710 (Alaska 1975) we ruled that `discrimination between residents and nonresidents based solely on the object of assisting the one class over the other economically cannot be upheld under . . . the . . . equal protection clause.' While that case involved discrimination between state residents and nonresidents, the principle is equally applicable to discrimination among state residents. We conclude that the disparate treatment of unemployed workers in one region in order to confer an economic benefit on similarly situated workers in another region is not a legitimate legislative goal." 787 P.2d at 634; (Emphasis added).
While the Board of Aldermen of the Town of Sunset has the authority to hire police personnel, careful consideration should be given to the constitutionality of any hiring preference policy imposed by the Board.
We hope this interpretation of the law is helpful to you. Please contact our office should you require further information.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams